IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EXPRESS OIL CHANGE, LLC d/b/a EXRESS OIL CHANGE, | * | |
| | * | |
| PLAINTIFF, | * | |
| V. | | CIVIL ACTION NUMBER: |
| | * | _____ |
| CAR WASH PARTNERS, INC. d/b/a MISTER CAR WASH, | * | |
| DEFENDANT. | * | |

## COMPLAINT

Express Oil Change, LLC, d/b/a Express Oil Change ("EOC" or "Plaintiff"), brings this action against Car Wash Partners, Inc., d/b/a Mister Car Wash ("Car Wash" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. EOC brings this action to protect one of its most valuable assets: its EXPRESS OIL CHANGE trademarks. EOC seeks to put an end to the Defendant's unlawful use of the infringing OIL CHANGE EXPRESS and MISTER OIL CHANGE EXPRESS names and service marks ("Infringing Marks"). EOC therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and trademark dilution under the Lanham Act, Title 15, United States Code § 1051, *et seq.,* and the common laws of the state of Alabama.

1

## PARTIES

2. EOC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1880 Southpark Drive, Birmingham, Alabama 35244.

3. EOC is the owner of its famous family of EXPRESS OIL CHANGE trademarks. Through its various member companies and franchisees, EOC uses its famous family of EXPRESS OIL CHANGE trademarks in interstate commerce in connection with its automobile repair, maintenance and lubrication services ("EOC's Services").

4. Car Wash is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 222 East 5th Street, Tucson, Arizona 85705.

## JURISDICTION

5. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq*., subject matter jurisdiction being conferred on this Court under 15 U.S.C. 1121, 28 U.S.C. §§1331 and 1338(a) & (b).

6. This Court has personal jurisdiction over Defendant under Ala.R.Civ.P. 4.2 because Defendant has committed tortious acts purposefully directed at an Alabama citizen and Plaintiff's claims arise from Defendant's

commission of those tortious acts. Specifically, Defendant knowingly and intentionally infringes and dilutes Plaintiff's trademarks in Alabama.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)–(d) because Defendant is subject to personal jurisdiction in this district and a substantial portion of the events giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. EOC is one of the leading automotive service providers in the United States with over 250 locations across 15 states.

9. By virtue of its longstanding and widespread use of the EXPRESS OIL CHANGE mark in connection with its Services, EOC is the owner of the famous family of EXPRESS OIL CHANGE trademarks, including, but not limited to, EXPRESS OIL CHANGE, EXPRESS OIL CHANGE 10 MINUTE SERVICE, and EXPRESS OIL CHANGE & SERVICE CENTER.

10. EOC has applied for and obtained numerous Unites States Trademark Registrations for marks that consist of or incorporate the mark EXPRESS OIL CHANGE. Copies of EOC's United States Trademark Registrations are attached hereto as **Exhibit "A."** EOC's common-law EXPRESS OIL CHANGE marks along with the uses and Registrations reflected in Exhibit "A" are hereinafter collectively referred to as the "EOC Family of Marks."

11.     EOC has made an enormous investment in advertising and promoting its products and services under the EOC Family of Marks.  As a result, EOC has acquired valuable goodwill in association with the EOC Family of Marks, which have become widely recognized by the general consuming public of the United States as a designation of source of EOC's services. EOC's customers have come to rely on the EOC Family of Marks as a symbol of quality and reliability.

12.     Since long before the acts of the Defendant complained of herein, EOC and/or its affiliates, franchisees and predecessors-in-interest have continuously used one or more of the marks that comprise its EOC Family of Marks in interstate commerce.

13.     While its primary business is providing car wash and automobile cleaning services, Car Wash has expanded its business to include automobile repair and maintenance and vehicle lubrication services ("Defendant's Services").  These services are identical to EOC's Services.

14.     Upon information and belief, Car Wash is presently engaged in an aggressive expansion of these services and is doing so using the confusingly similar names of MISTER OIL CHANGE EXPRESS and OIL CHANGE EXPRESS to describe its automobile maintenance and lubrication services. *See* **Exhibit "B"** (consisting of copies of pages from Car Wash's web site promoting these services).

15. Despite the likelihood of confusion between EOC's Family of Marks and the Infringing Marks, on April 18, 2018, Car Wash filed a service mark application for and is in the process of attempting to register "MISTER OIL CHANGE EXPRESS" with the U.S. Patent and Trademark Office ("USPTO"). *See* **Exhibit "C"** (consisting of Defendant's service mark application Serial No. 87882287).

16. This application was initially refused by the examining attorney in an Office Action Letter dated August 13, 2018. *See* **Exhibit "D"** (consisting of the USPTO Office Action Letter).

17. This refusal was based on the likelihood of confusion between MISTER OIL CHANGE EXPRESS and five of EOC's registered and incontestable marks incorporating the words "EXPRESS OIL CHANGE." *Id.*

18. Notably, the examining attorney stated as follows:

"[i]n the present case the respective marks, MISTER OIL CHANGE EXPRESS, EXPRESS OIL CHANGE, EXPRESS OIL CHANGE & SERVICE CENTER, and EXPRESS OIL CHANGE SERVICE CENTER, are similar in appearance, sound, connotation, and commercial impression. Specifically, the marks share identical terms "OIL CHANGE" and "EXPERSS".  Marks may be confusingly similar in appearance where similar terms or phrases or similar parts of terms or phrases appear in the compared marks and create a similar overall commercial impression. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689, 690-91 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1495, 1 USPQ2d 1813, 1817 (Fed. Cir. 1987) (finding COMMCASH and COMMUNICASH confusingly similar); *In re Corning Glass Works*, 229 USPQ 65, 66 (TTAB 1985)

(finding CONFIRM and CONFIRMCELLS confusingly similar); *In re Pellerin Milnor Corp.*, 221 USPQ 558, 560 (TTAB 1983) (finding MILTRON and MILLTRONICS confusingly similar); TMEP §1207.01(b)(ii)-(iii).

*Id.*

19.     Ultimately, the examining attorney concluded that "[b]ecause the marks are similar and the services are identical in part and highly related . . . ***consumers are likely to be confused as to the origin of the services.*** Accordingly, registration is refused under Section 2(d) of the Trademark Act." *Id.* (emphasis added).

20.     As a result of this initial refusal, Car Wash was put on affirmative notice of EOC's registered and incontestable marks and its exclusive rights thereto.

21.     Notwithstanding this initial denial, Car Wash persisted in seeking registration of its trademark by amending its application to disclaim the exclusive right to use "OIL CHANGE EXPRESS" and to add a description to the mark that provides:

> The mark consists of the stylized wording "MISTER OIL CHANGE EXPRESS" with three four-four-point stars above the letter "I" in the wording "MISTER" and an arrow formed by the letter "X" in the wording "EXPRESS."

*See* **Exhibit "E"** (consisting of Defendant's Response to Office Action Letter).

22.     As Car Wash's response to the initial refusal also reveals, the crux of Car Wash's position is that the reference to "MISTER" in combination with "OIL

CHANGE EXPRESS" sufficiently distinguishes its mark from "OIL CHANGE EXPRESS" as is used in EOC's Family of Marks so as to eliminate any confusion. *Id.*

23. Although the USPTO has issued a Notice of Allowance and allowed the amended application to proceed to publication, Car Wash has not filed the required Statement of Use as of the date of this filing.[1]

24. Notwithstanding the Notice of Allowance, MISTER OIL CHANGE EXPRESS infringes on EOC's Family of Marks in that the use of the word "MISTER" in combination with "OIL CHNGE EXPRESS" does not remedy the likelihood of confusion with respect to EOC's Family of Marks that incorporate the words "EXPRESS OIL CHANGE."

25. This is especially true in light of Car Wash's actual use of the mark. As **Exhibit "B"** shows, Car Wash is using the words "OIL CHANGE EXPRESS" separately and apart from the purportedly "distinguishing" feature of the use of the word "MISTER," notwithstanding Car Wash's representations to the USPTO of the way in which "OIL CHANGE EXPRESS" would be used.

26. Further, as with the service mark application, Car Wash's actual use of the stylized MISTER OIL CHANGE EXPRESS mark shows that it uses a much

---

[1] EOC was not aware of the service mark application for MISTER OIL CHANGE EXPRESS until after the deadline to file an opposition ran on June 1, 2019.

smaller font for "Mister" than "OIL CHANGE" and uses an even larger font for "EXPRESS."  *See* **Exhibit "F"** (consisting of a Car Wash coupon.)  The coupon also shows that "Mister" is the only word in the mark that uses lower case letters.  Clearly, Car Wash is featuring the words "EXPRESS" and "OIL CHANGE" in an attempt to reap the benefit of EOC's goodwill associated with the EOC Family of Marks in connection with the parties' identical services.

27. In light of Defendant's actual notice of EOC's rights in and to its famous EOC Family of Marks, Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous EOC Family of Marks.

28. Defendant's past and ongoing use of the Infringing Marks, which are confusingly similar to one or more of the marks making up the famous EOC Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the EOC Family of Marks, as well as Plaintiff's business reputation.

29. Defendant's past and ongoing use of the Infringing Marks, which are confusingly similar to one or more of the marks making up the famous EOC

Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

30. Defendant has and continues to have no legitimate reason or good faith basis to use the Infringing Marks in commerce.

31. Upon information and belief, Defendant's intent in obtaining and using the Infringing Marks was and is to profit from the goodwill and value associated with one or more of the marks making up the famous EOC Family of Marks.

## COUNT ONE
## Violations of Section 32(1) of the Lanham Act - Trademark Infringement

32. EOC repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Defendant's use of the Infringing Marks is likely to cause public confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure EOC, and/or to reap the benefit of EOC's goodwill associated with the EOC Family of Marks.

35. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. § 1117.

36. Defendant's acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

37. Plaintiff has no adequate remedy at law.

38. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT TWO
## Violations of Section 43(a) of the Lanham Act - Unfair Competition

39. EOC repeats and re-alleges the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services in connection with the Infringing Marks is likely to confuse, mislead, and deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely, to cause such parties to believe, in error, that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by EOC, or that Defendant is in some way affiliated with EOC, which it is not.

41. Defendant's use of the Infringing Marks constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

42. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. § 1117.

43. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

44. Plaintiff has no adequate remedy at law.

45. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT THREE
### Violations of Section 43(c) of the Lanham Act - Trademark Dilution

46. EOC repeats and re-alleges the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Based on the inherent and/or acquired distinctiveness of the EOC Family of Marks; the duration and extent of EOC's use of the EOC Family of Marks; the duration and extent of advertising featuring the EOC Family of Marks; the geographic area in which EOC has sold and advertised goods and/or services featuring the EOC Family of Marks; the nature of the trade channels EOC uses to market goods and/or services featuring the EOC Family of Marks compared to the channels through which Defendant sells its services; the degree of public recognition of the EOC Family of Marks; and the various federal registrations for the EOC Family of Marks, the EOC Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. The aforesaid willful and deliberate acts of Defendant, all occurring after the EOC Family of Marks became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the famous EOC Family of Marks and thus constitute trademark dilution in violation of the Lanham Act, Section 43(c), 15 U.S.C. § 1125(c). Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

49. EOC has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

B. Preliminarily and permanently enjoin Defendant as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendant, from use of the Infringing Marks or any other colorable imitation of any EXPRESS OIL CHANGE trademark, trade name, and/or service mark in advertisement, promotion, offer for sale, or sale of

any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

C. Order Defendant to abandon its USPTO service mark application for MISTER OIL CHANGE EXPRESS, Serial No. 87882287.

D. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

E. Order an award of three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

F. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

G. Pursuant to 15 U.S.C. § 1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

H. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

I. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Respectfully submitted,


/s/ Michael J. Douglas
Michael J. Douglas ASB-2888-C52D
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
mdouglas@leakdouglas.com

*Attorney for Plaintiff, Express Oil Change, LLC, d/b/a Express Oil Change*


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Car Wash Partners, Inc., d/b/a Mister Car Wash
c/o Its Registered Agent, Corporation Service Company
251 Little Falls Drive
Wilmington, DE  19808