IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EXPRESS OIL CHANGE, LLC, d/b/a EXPRESS OIL CHANGE, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | 2:19-cv-01640-ACA |
| CAR WASH PARTNERS, INC, d/b/a MISTER CAR WASH, | ] ] ] | |
| Defendant. | ] | |

## **MEMORANDUM OPINION**

Before the court is Defendant Car Wash Partners, Inc.'s motion to dismiss the complaint for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2). (Doc. 21).

Plaintiff Express Oil Change alleges that Car Wash Partners is infringing a family of trademarks registered to Express Oil Change, and asserts claims for (1) trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) trademark dilution, in violation of the Lanham Act, 15 U.S.C. § 1125(c). (Doc. 1 at 9–12). Express Oil Change contends that, based on the accessibility of Car Wash Partners' website in Alabama, where Express Oil Change has its principal place of business, this court has personal jurisdiction over Car Wash Partners.

Because the court finds that the mere accessibility of a website in Alabama is insufficient to establish the minimum contacts necessary to establish personal jurisdiction, the court **WILL GRANT** Car Wash Partners' motion to dismiss and **WILL DISMISS** this action **WITHOUT PREJUDICE**.

I.   BACKGROUND

In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court must accept as true the factual allegations made in the complaint unless the defendant contradicts those allegations with evidence. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

Plaintiff Express Oil Change, a limited liability company, is organized in Delaware with its principal place of business in Alabama.[1]  (Doc. 1 at 2 ¶ 2).  It provides automotive services, including automobile repair, maintenance, and lubrication services, at over 250 locations in 15 States.  (Doc. 1 at 2 ¶ 3, 3 ¶ 8).  It owns a family of trademarks including "EXPRESS OIL CHANGE."  (*Id.* at 3 ¶¶ 9–10).

---

[1] In support of its assertion that the court has personal jurisdiction over Car Wash Partners, Express Oil Change alleges that it is a citizen of Alabama. (Doc. 1 at 2 ¶ 6). A party's citizenship is usually related to the court's subject matter jurisdiction, not personal jurisdiction. Here, Express Oil Change did not properly plead citizenship, *see Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004), but that failure does not affect this court's subject matter jurisdiction because this case arises under federal law, 28 U.S.C. § 1331. The court will address Express Oil Change's assertion that its citizenship gives rise to personal jurisdiction over Car Wash Partners below.

Defendant Car Wash Partners also provides automotive services, including the same maintenance and vehicle lubrication services as Express Oil Change. (Doc. 1 at 4 ¶ 13). It has attempted to register the mark "MISTER OIL CHANGE EXPRESS," which the United States Patent and Trademark Office refused because of the likelihood of confusion with Express Oil Change's registered and incontestable marks. (*Id.* at 5 ¶¶ 15–18). After that refusal, Car Wash Partners submitted another application with some changes to the mark. (*Id.* at 4–6 ¶¶ 14–21). As of the filing of the complaint, that application is still proceeding. (*Id.* at 7 ¶ 23).

Car Wash Partners does not operate any retail stores in Alabama, does not have any employees in Alabama, does not advertise in Alabama, and is not doing business in Alabama. (Doc. 21-2 at 2 ¶ 4). It does, however, have a website promoting its automotive services, which uses the phrase "OIL CHANGE EXPRESS."[2] (Doc. 1 at 4 ¶ 14; Doc. 1-2 at 2–4). The Executive Vice President of Marketing for Express Oil Change submitted an affidavit in which he attests that he accessed the website while he was in Birmingham, Alabama. (Doc. 24-1 at 2 ¶ 3).

## II. DISCUSSION

Under Rule 12(b)(2), the court may dismiss a complaint for "lack of personal jurisdiction." The plaintiff "bears the initial burden of alleging in the complaint

---

[2] Car Wash Partners also issues coupons using the phrase "Mister OIL CHANGE EXPRESS." (Doc. 1 at 7–8 ¶ 26; Doc. 1-6 at 2). Express Oil Change does not allege that these coupons have been circulated or used in Alabama, nor does it argue that these coupons provide a basis for the court's exercise of personal jurisdiction over Car Wash Partners.

sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Where the defendant challenges personal jurisdiction and submits affidavits in support of its position, the burden shifts back to the plaintiff to produce evidence supporting the existence of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). To the extent the facts alleged in the complaint are uncontroverted by the defendant's evidence, the court must accept them as true, and "where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotation marks omitted). Typically, the court must first determine whether the forum State's long-arm statute permits the exercise of jurisdiction, and second determine "whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). In Alabama, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Id.*

Express Oil Change asserts that the court has specific personal jurisdiction over Car Wash Partners.[3] (Doc. 24 at 1; *see also* Doc. 1 at 2 ¶ 6). To establish specific personal jurisdiction, Express Oil Change must show that (1) "the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum"; (2) the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws"; and (3) "the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

"A fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355 (alteration omitted). To make that showing, Express Oil Change relies on the "effects" test set out by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).

In *Calder*, the defendants, who lived and worked in Florida, wrote and edited an allegedly libelous article about the plaintiff, which the defendants' employer published in California. 465 U.S. at 784–85. The defendants drew from "California sources," targeted a person whose "career was centered in California," and caused

---

[3] Express Oil Change has waived any argument about the existence of general personal jurisdiction or specific personal jurisdiction under a traditional analysis. (*See* Doc. 24 at 1). Accordingly, the court will not address Car Wash Partners' arguments about those types of personal jurisdiction.

"the brunt of the harm . . . in California" by publishing the article to a large readership there. *Id.* at 788–89; *see also Walden v. Fiore*, 571 U.S. 1115, 1123 (2014). Because California was "the focal point both of the story and of the harm suffered," jurisdiction was proper "in California based on the 'effects' of [the defendants'] Florida conduct in California." *Calder*, 465 U.S. at 789. The Eleventh Circuit has summarized the "effects" test as requiring the plaintiff to show that the defendant committed "an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

Express Oil Change does not allege that Car Wash Partners had any contact directly with Alabama; it alleges only that Car Wash Partners operates a website that is accessible to people in Alabama. (*See* Doc. 1 at 7 ¶ 25; *see also* Doc. 24-1 at 2 ¶ 3). It argues that, under Eleventh Circuit precedent, accessibility of a website is all that is required to satisfy the *Calder* "effects" test. (Doc. 24 at 5–6). The court disagrees.

In *Licciardello*, the defendant, Rendy Lovelady, posted a website, which had been created in Tennessee, promoting himself as a personal manager for musicians. 544 F.3d at 1282. The website used the trademarked name and an image of the plaintiff, Carman Licciardello, a Florida resident, "implying that Carman endorsed Lovelady's skill as a personal manager." *Id.* The plaintiff filed suit in Florida for

trademark infringement and related claims. *Id.* at 1282. After finding that the accessibility of the website in Florida satisfied Florida's long-arm statute, the Court turned to whether due process permitted the exercise of personal jurisdiction. *Id.* at 1283–84. The Eleventh Circuit held that it did because Mr. Lovelady committed an intentional tort individually targeting a specific individual in his State of residence "in order to misappropriate his name and reputation for commercial gain." *Id.* at 1287–88.

The Court specifically noted that its holding was limited to a situation in which "the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence." *Licciardello*, 544 F.3d at 1288 n.8. In arriving at its decision, the Eleventh Circuit noted with approval an Indiana state court's decision holding that the "effects" test was not satisfied "where the plaintiff was a national corporation" because a national corporation's "injury is not located in a particular geographic location as an individual's harm would be." *Id.* at 1286 n.7 (citing *Conseco, Inc. v. Hickerson*, 698 N.E.2d 816, 819 (Ind. App. 1998).

By its own terms, the *Licciardello* decision is distinguishable from this case. Express Oil Change has not alleged any facts indicating that Car Wash Partners' trademark infringement targeted a specific individual located in Alabama. For one thing, Express Oil Change is not an individual, but a limited liability company that

7

operates in fifteen States. (*See* Doc. 1 at 2 ¶ 2, 3 ¶ 8). For another, even if Express Oil Change were an individual, if Car Wash Partners' allegedly infringing use of Express Oil Change's mark constituted "targeting" at every State in which Express Oil Change operated, the test "would expose the defendant to suit throughout" fifteen States, "an 'unsuitable' result." *Licciardello*, 544 F.3d at 1286 n.7. And it would subject the defendant to suit in any State in which the plaintiff resides, which, as the court will address in more detail below, the Supreme Court has expressly held cannot be the test for personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State"). These differences are enough to distinguish *Licciardello* from the facts presented in this case.

Express Oil Change argues that under *Licciardello* and a district court opinion interpreting it, personal jurisdiction arises wherever a website that contains infringing materials is accessible. (Doc. 24 at 5–6). But the parts of those opinions Express Oil Change relies on relate to the question whether the mere accessibility of a website can satisfy Florida's long-arm statute, not the Constitution's Due Process Clause. *See Licciardello*, 544 F.3d at 1283–84; *JCS Indus., LLC v. Designstein LLC*, 2019 WL 5391192, at *4–5 (M.D. Fla. Oct. 22, 2019). This court has already addressed the distinctions between *Licciardello*'s holding with respect to the Due

Process Clause. And even assuming *JCS Industries* was binding on this court, which it is not, that decision is distinguishable as well. In that case, the defendant purchased a protected good in the forum state, operated as a direct competitor to the plaintiff, and created a website designed to redirect customers searching for the plaintiff's website to its own website, where it actively sold competing goods to the plaintiff's customers. *JCS Indus., LLC*, 2019 WL 5391192, at *6. The *JCS Industries* decision did not involve the mere accessibility of a website in the forum state.

The Supreme Court's decision in *Walden v. Fiore* strengthens this conclusion. In that case, the defendant, a police officer, seized cash from the plaintiffs at an airport in Georgia. *Id.* at 280. He then helped draft an affidavit to show probable cause for forfeiture of the funds, which, according to the plaintiffs, was "false and misleading" because it contained misrepresentations and omitted exculpatory information. *Id.* at 280–81. After the forfeiture and later return of their funds, the plaintiffs filed a civil rights lawsuit in Nevada, where they lived and suffered the injury caused by the defendant's conduct. *Id.* at 281, 289. The United States Supreme Court held that the Nevada district court lacked personal jurisdiction over the defendant. *Id.* at 291.

The Supreme Court explained that "mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden*, 571 U.S. at 290. The fact that the defendant's actions were directed at plaintiffs whom he knew resided in Nevada was insufficient to make that showing. *Id.* at 289.

Here, as in *Walden*, Car Wash Partner's alleged conduct did not take place in Alabama, and the fact that Express Oil Change may have suffered some injury in Alabama is not enough to find that its claim "arises out of or relate to" a contact that Car Wash Partners made with Alabama. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. Nor do the facts alleged allow the court to find that Car Wash Partners has "purposefully availed" itself of the privilege of conducting activities in Alabama. *See id.* Accordingly, the court lacks personal jurisdiction over Car Wash Partners, and must dismiss this action without prejudice.

### III. CONCLUSION

The court **WILL GRANT** Car Wash Partners' motion to dismiss the complaint for lack of personal jurisdiction, and **WILL DISMISS** the complaint **WITHOUT PREJUDICE**.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this March 20, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE